**ALLEGANY COUNTY BROADCASTING CORPORATION** and Cumberland Valley Broadcasting Corporation, Appellants,

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WKYR, Inc., Intervenor.**

No. 19017.

United States Court of Appeals District of Columbia Circuit.

Argued April 5, 1965.

Decided June 8, 1965.

Petition for Rehearing En Banc Denied Aug. 31, 1965.

Mr. Stanley S. Neustadt, Washington, D. C., with whom Messrs. Leonard H. Marks and Paul Dobin, Washington, D. C., were on the brief for appellant, Cumberland Valley Broadcasting Corporation.

Mr. Daniel R. Ohlbaum, Deputy General Counsel, Federal Communications Commission, for appellee. Messrs. Henry Geller, General Counsel, John H. Conlin, Associate General Counsel, and Joel H. Levy, Attorney, Federal Communications Commission, were on the brief, for appellee.

Mr. William A. Porter, Washington, D. C., for intervenor.

Mr. Vincent A. Pepper, Washington, D. C., was on the brief for appellant Allegany County Broadcasting Corporation.

Before FAHY, WASHINGTON, and WRIGHT, Circuit Judges.

FAHY, Circuit Judge.

Intervenor, WKYR, Inc., applied to the Commission to be allowed to change the location of its standard broadcast station from Keyser, West Virginia, to Cumberland, Maryland, a distance of some eighteen miles, and to operate at the changed location on a full-time basis. Its Keyser operation was daytime only. Appellants, licensees of broadcast stations located at Cumberland, petitioned the Commission to designate the application for hearing, which was done. The issues designated by the Commission are set forth in the margin.[1]

Appellants urged the following additional issue:

To determine whether it would be more technically feasible and efficient to utilize the frequency of 1270 kilocycles during nighttime hours in Keyser than in Cumberland.

The Commission refused this request since it would require consideration of a location not involved in the application.[2] Intervenor's application was granted after hearing.

Appellants contend that in denying its request to enlarge the issues the Commission refused to abide by our decisions in Wometco Enterprises, Inc. v. FCC, 114 U.S.App.D.C. 261, 314 F.2d 266, and, to a lesser extent, in Beaumont Broadcasting Corp. v. FCC, 91 U.S.App. D.C. 111, 202 F.2d 306. We are told we should require the Commission to reopen the hearing for evidence on the question whether a more efficient nighttime service could be provided by WKYR if it remained in Keyser and, if this were found to be the case, whether grant of permission to move to Cumberland would violate Section 307(b) of the Federal Communications Act.[3] This section requires the Commission in considering applications for licenses and modifications or renewals thereof to make such distribution of licenses, frequencies, hours of operation and of power among the several states and communities as to provide a "fair, efficient, and equitable distribution of radio service to each of the same."

In *Wometco* the Commission had conducted no evidentiary hearing. Our *per curiam* opinion stated that appellant sought a determination whether the application it opposed was designed to and could be expected to serve the public interest by meeting the needs of the area to be served, whether the proposed site

1. 1. To determine the areas and populations which would gain or lose primary service from the instant application and the availability of other primary service to such areas and populations.

2. To determine whether, because of interference received, the proposed nighttime operation of WKYR would be consistent with Section 3.24(a) and (b) of the Rules, and, if not, whether circumstances exist which would warrant waiver of said Section.

3. To determine the effort made by WKYR to ascertain the programming needs and interests of the area to be served and the manner in which WKYR proposes to meet such needs and interests.

4. To determine the comparative needs of the areas now served by Station WKYR, including the city of Keyser, West Virginia, and the areas to be served by Station WKYR operating as proposed,

including Cumberland, Maryland, for broadcast service, and, in view thereof, whether a grant of the subject application would be in accordance with Section 307(b) of the Communications Act of 1934, as amended.

5. To determine, in light of the evidence adduced pursuant to the foregoing issues, whether a grant of the instant application would serve the public interest, convenience, and necessity.

2. Appellants thereafter moved unsuccessfully to enlarge the issue by adding:

To determine whether a more efficient nighttime service could be provided if the applicant retained the Keyser station location, and if so, whether a grant of the subject application would be in accordance with Section 307(b) of the Communications Act of 1934, as amended.

3. 47 U.S.C. § 307(b).

would result in a fair, efficient and equitable distribution of television service, and whether the application would otherwise be consistent with the public interest, convenience and necessity. We decided simply that these issues were so substantial that the Commission erred in disposing of them summarily without a hearing. Here an evidentiary hearing was held and among the issues was whether grant of the application would comply with Section 307(b). On this issue the Commission considered the comparative needs of service as between the communities of Keyser and Cumberland. Section 307(b) did not require the Commission to consider also the issue of comparative nighttime efficiency of operation as between the two communities, or the "single, specific hypothetical alternative" transmittal site near Keyser suggested by appellants. The applicant's existing station at Keyser had never operated at night, and it had proposed only one station location, at Cumberland.

Except as noted in the margin there is no challenge to the sufficiency of the evidence to support the conclusions reached on the designated issues.[4] These conclusions are not undermined by the Commission's failure to decide whether the hypothetical alternative location advanced by appellants would have served more adequately the purposes of Section 307(b). The virtues of that particular location were not necessarily to be considered in order for the Commission to meet the standards of Section 307(b).

■ Both *Wometco* and *Beaumont* rest upon their own factual situations. The present case must rest upon its own setting. Each of the three cases is different and none controls the other. The

Commission is not bound in every case, though it may be bound in some, to consider evidence with respect to other possible locations in determining whether, in the public interest, to grant an application for a license, modification or renewal.

Affirmed.

---

4. Appellants challenge the decision on designated issue number 2, note 1, *supra,* concerning which the Commission found no violation of Sections 73.24(a) and (b) of the Commission's rules. Section 73.24(a) requires a showing that a proposal "will tend to effect a fair, efficient, and equitable distribution of radio service among the several States, and communities." Section 73.24(b), in pertinent part, requires that a proposed station "not suffer interference to such an extent that its service would be reduced to an unsatisfactory degree." In the course of considering this question the Commission was not required, as appellants suggest, to consider whether a "much more efficient use of the frequency may be made by a station operating unlimited time at Keyser rather than at Cumberland."